Argued and submitted September 25, 1995, affirmed August 7, 1996

STATE OF OREGON,
*Respondent,*

*v.*

LAWRENCE EDWARD VAUGHAN,
*Appellant.*

(931378, 931379; CA A82759 (Control), A82760)

STATE OF OREGON,
*Respondent,*

*v.*

LAWRENCE EDWARD VAUGHAN,
*Appellant.*

(93-02-1458; CA A83691)
(Cases Consolidated)

920 P2d 574

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

**PER CURIAM**

Defendant was convicted of eight counts of using a child in a display of sexually explicit conduct, as well as multiple sex abuse counts. Defendant argues that ORS 163.670, which prohibits using a child in a display of sexually explicit conduct, violates Article I, section 8, of the Oregon Constitution and assigns error to the trial court's denial of his demurrer to all charges based on that statute. We affirm.

Defendant bases his argument on our decision in *State v. Stoneman*, 132 Or App 137, 888 P2d 39 (1994). The Supreme Court has since reversed that decision. *State v. Stoneman*, 323 Or 536, 920 P2d 535 (1996). The Supreme Court held in *Stoneman* that *former* ORS 163.680 (repealed by Oregon Laws 1995, chapter 768, section 16), a related statute that forbade paying to view sexual conduct involving a child, focused on a harmful effect, that is, the sexual exploitation of children, and was not overbroad. Thus, the statute did not violate Article I, section 8. For the reasons stated in *Stoneman*, ORS 163.670 does not violate that provision. Hence, the trial court did not err in denying defendant's demurrer.

Affirmed.